UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA OGAMBA,<br><br>        Plaintiff,<br><br>        v.<br><br>WELLS FARGO BANK, N.A.; a business entity; CLEAR RECON CORP., a business entity; RS GROUP, INC. and Does 1-50, inclusive,<br><br>        Defendants. | No. 2:17-cv-01754-KJM-AC<br><br><br>ORDER |

        Two months ago, plaintiff's property was sold at a foreclosure sale. She now brings a wrongful foreclosure action against the purchaser, the foreclosure sale's trustee, and her loan servicer. The loan servicer, defendant Wells Fargo, removed the case based on diversity jurisdiction, arguing the purchaser and trustee were fraudulently named to obscure the court's diversity jurisdiction. Plaintiff now moves to remand or, alternatively, requests shortened time on hearing of the remand motion. ECF No. 4. The court finds diversity jurisdiction a proper basis for the case to proceed in this court and DENIES plaintiff's remand motion.

/////

1

I. BACKGROUND

  A. Factual Background

This case stems from a foreclosure on plaintiff's real property in Tracy, California. Compl. ¶ 11, Ex. A to ECF No. 1. At all relevant times, Wells Fargo serviced plaintiff's mortgage loan secured by the property. *Id.* ¶ 5. In 2017, plaintiff was told her property would not be foreclosed on if she submitted a complete loan modification application by July 18, 2017. *Id.* ¶ 21. Plaintiff alleges she did so and was told the foreclosure would be postponed, yet the property was sold at a foreclosure sale the next day. *Id.* ¶¶ 21-24. Defendant RS Group bought the property and the foreclosure trustee, defendant Clear Recon, recorded the sale. *Id.* ¶¶ 6, 26, 28.

  B. Procedural Background

On August 7, 2017, plaintiff filed this wrongful foreclosure action against Wells Fargo Bank, Clear Recon and RS Group in state court. *Id.* at 1. The gist of plaintiff's six-claim complaint is that Wells Fargo negligently misrepresented that it would postpone foreclosure, and then both Wells Fargo and Clear Recon wrongfully foreclosed anyway, which violated the California Homeowner Bill of Rights and amounted to an unfair business practice. *See id.* ¶¶ 29-96. Though the complaint references RS generally, not one claim names RS Group. Defendant Wells Fargo removed this case based on diversity jurisdiction. Removal, Aug. 22, 2017, ECF No. 1. Defendants also have moved to dismiss, with a hearing set for October 20, 2017. ECF No. 8. Plaintiff now moves to remand, contending the parties are not completely diverse. ECF No. 4.

II. LEGAL STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). One basis for original federal jurisdiction is "diversity jurisdiction," where the amount in controversy exceeds $75,000 and the parties' citizenships are completely diverse. 28 U.S.C. § 1332. A defendant may still remove based on diversity jurisdiction when certain defendants are non-diverse by persuading the district court those defendants were fraudulently

joined. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id*. (citation omitted).

III. REMAND MOTION

Here, plaintiff argues remand is proper because the parties are not completely diverse, so the court lacks diversity jurisdiction. ECF No. 4 at 2. But, as explained below, complete diversity exists: Plaintiff is a California citizen and Wells Fargo is a South Dakota citizen. Defendants Clear Recon and RS Group were "fraudulently joined" such that their California citizenship does not destroy subject matter jurisdiction.

A. Wells Fargo

Wells Fargo's primary office is in South Dakota; its principal place of business is in California. The Supreme Court, while interpreting federal courts' original jurisdiction as to banking associations, has determined that "a national bank, for § 1348, is a citizen of the State of its main office, as set forth in its articles of association." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Then in 2014, by interpreting *Schmidt* to restrict national banking associations' citizenship to "only" the main office listed in their articles of incorporation, the Ninth Circuit quelled an intra-circuit debate as to whether such banks could acquire dual citizenship. *Rouse v. Wachovia Mortg.*, *FSB*, 747 F.3d 707, 715 (9th Cir. 2014). So, although this court's pre-*Rouse* decisions assigned Wells Fargo dual citizenship, the court's post-*Rouse* decisions have confirmed to the controlling authority restricting Wells Fargo's citizenship to South Dakota. *Compare Ramos v. Wells Fargo Bank, N.A.*, No. 2:13-CV-00571- KJM, 2013 WL 2303243, at *1 (E.D. Cal. May 24, 2013) (noting the intra-circuit split and deeming Wells Fargo a dual citizen), *with Pacray v. Wells Fargo Home Mortg., Inc.*, No. 2:16-cv-01111-KJM-EFB, 2016 WL 4474605, at *2 (E.D. Cal. Aug. 25, 2016) (noting *Rouse*'s clarification and deeming Wells Fargo a South Dakota citizen only). Wells Fargo is solely a South Dakota citizen.

B. <u>RS Group</u>

The court finds RS Group, a California citizen, was fraudulently joined, so its citizenship does not destroy diversity jurisdiction. Although the complaint mentions RS Group generally, not one of plaintiff's six claims is pled against RS Group. *See generally* Compl. RS Group's sole involvement was that of a bona fide purchaser at the foreclosure sale. *See id*. ¶ 28. RS Group's bona fide status insulates it from liability for the wrongdoing plaintiff asserts. *See, e.g.*, Cal. Civ. Code § 2924.12(e) ("No violation of this article shall affect the validity of a sale in favor of a bona fide purchaser and any of its encumbrancers for value without notice."). Although the complaint states, without detail or explanation, that "[d]efendant RS Group is not a bona fide purchaser," *id.* ¶ 26, it includes no allegation to support that conclusion. *Cf. id*. ¶¶ 23-25 (never alleging RS Group knew about any purported violations before the sale). And in her remand motion, plaintiff neither disputes RS Group's bona fide status nor attests that there is a viable claim against RS Group. The court does not consider this unsupported legal conclusion in assessing jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing "sufficient factual matter" must make plaintiff's allegations seem at least plausible; conclusory or formulaic recitations of elements do not alone suffice) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Instead, plaintiff's argument on remand is merely that RS Group's joinder is authentic because, if plaintiff prevails, RS Group will have to relinquish the property. ECF No. 4 at 5-6; *see also* Compl. ¶ 28 ("RS Group is a necessary party [] because it claims to be the true and lawful titleholder to Plaintiffs property, following an unnoticed and unlawful foreclosure sale" and therefore "dispos[ing] this action in its absence would, as a practical matter, impair or impede its ability to protect its interest."). Plaintiff cites no authority suggesting the court should consider the citizenship of an entity facing no possible liability merely because the entity has a contingent future interest in the suit's outcome. Given that no viable claims are alleged or argued against RS Group, the court discounts its citizenship when assessing diversity jurisdiction.

### C. Clear Recon

Clear Recon is likewise a fraudulently joined defendant whose California citizenship does not destroy diversity jurisdiction. Clear Recon's role here was only that of a foreclosure sale's trustee with limited statutory duties: namely, to foreclose on a defaulted mortgage loan and to re-convey the deed of trust once the secured debt was satisfied. *Swanson v. EMC Mortg. Corp.*, No. CV F 09-1507-LJO-DLB, 2009 WL 4884245, at *3-4 (E.D. Cal. Dec. 10, 2009). Not one of plaintiff's claims alleges Clear Recon violated any statutory duties it owed to plaintiff.

Plaintiff relies solely on its claim that Clear Recon violated the Homeowner's Bill of Rights, which provides "express liability against foreclosure trustees that violate Civil Code § 2923.6." *See* ECF No. 4 at 5 (citing Cal. Civ. Code § 2923.6(c)). Yet the same statute provides that "[n]othing in this section shall be construed to alter, limit, or negate any other rights, remedies, or procedures provided by law." Cal. Civil Code § 2924.12(h). One such preexisting right is the qualified privilege barring a trustee's liability, absent "actual malice," for performing statutorily required, non-judicial foreclosure duties, including mailing, publicizing and delivering notices. *See id.* § 2924(d) (listing privileged communications and incorporating Cal. Civ. Code § 47(c)); *see also Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008) ("We conclude that . . . [trustee's] recording of the notice of default was privileged, that the evidence failed to demonstrate [trustee] acted with malice, and that therefore [trustee] was immune" from liability based on that conduct). Here, the only acts attributable to Clear Recon are those it was statutorily required to perform, and the complaint alleges no facts suggesting actual malice. Clear Recon's acts, therefore, are insulated from liability.

That Clear Recon is sued only in its capacity as Wells Fargo's agent bolsters the conclusion that it faces no individual liability. Only if a trustee in its agency capacity acts as a "dual agent" or acts on its own behalf can it be individually liable. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) ("It is well established that, unless an agent or employee acts as a dual agent . . . [it] cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage."). Here, the complaint does not allege Clear Recon acted beyond

5

its role as Wells Fargo's agent, acted as a dual agent or acted for its personal advantage. Federal courts, including this court, have routinely deemed foreclosure trustees with similarly limited involvement to be fraudulently joined defendants. *See, e.g.*, *Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054-KJM-EFB, 2011 WL 1833090, at *3 (E.D. Cal. May 12, 2011) ("In light of a trustee's limited contractual duties under state law and the trustee's limited involvement as alleged in the complaint, the court finds [trustee] was fraudulently joined for diversity purposes."); *Moreno v. Wells Fargo*, No. C-11-05189 EDL, 2011 WL 6372637, at *8 (N.D. Cal. Dec. 20, 2011) (same).

Given Clear Recon's limited state-law duties and its limited involvement as alleged in the complaint, the court finds it was fraudulently joined for diversity purposes.

### D. Doe Defendants

The court disregards the unidentified Doe defendants in assessing subject matter jurisdiction because plaintiff includes no information as to who they are, where they live or their relationship to the action. *Bryant v. Ford Motor Co.,* 794 F.2d 450, 453 (9th Cir. 1986); *Othman v. Globe Indem. Co*., 759 F.2d 1458, 1642 (9th Cir. 1985).

### IV. CONCLUSION

Complete diversity exists, so subject matter jurisdiction is proper. The court DENIES plaintiff's motion to remand.

IT IS SO ORDERED.

This resolves ECF No. 4.

DATED: September 25, 2017.

_____
UNITED STATES DISTRICT JUDGE