UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA OGAMBA, | No. 2:17-cv-01754-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A.; a business entity; CLEAR RECON CORP., a business entity; RS GROUP, INC. and Does 1-50, inclusive,[1] | |
| Defendants. | |

Plaintiff's home was sold at a foreclosure sale in July 2017. She now sues her loan servicer, Wells Fargo, and the trustee that conducted and recorded the sale, Clear Recon.[2] Wells Fargo's and Clear Recon's motions to dismiss are before the court. ECF Nos. 8, 21. The court

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

[2] RS Group, the entity that bought plaintiff's home, was initially named a defendant but has since been dismissed. *See* Dismissal Notice, ECF No. 29 (filed Dec. 12, 2017).

1

heard both motions on December 8, 2017: Matthew Mellen appeared for plaintiff, Viddell Heard appeared for Wells Fargo, and Genail Anderson was allowed to appear telephonically for Clear Recon. H'rg Mins, ECF No. 28. At hearing, Mr. Mellen orally requested the court reconsider its prior order denying remand. *Id.* As explained below, the court DENIES this reconsideration request and GRANTS both motions to dismiss, with prejudice as to Clear Recon, but with leave to amend as to Wells Fargo.

I. BACKGROUND

    A. Factual Background

The property at issue is located in Tracy, California. Compl., Ex. A to ECF No. 1, ¶ 11. At all relevant times, Wells Fargo serviced plaintiff's mortgage loan secured by the property. *Id.* ¶ 5. Plaintiff twice entered loan modification agreements, first in 2009 and again in 2014. *See* Unopposed Requests for Judicial Notice ("RJN"), ECF No. 9, Exs. H & I (2009 and 2014 modification agreements, respectively). She also twice defaulted on her loan payments, which led to a notice of default in April 2016, RJN Ex. J, and a notice of foreclosure sale in August 2016, RJN Ex. K. Plaintiff never cured the default.

In June 2017, a Wells Fargo representative told plaintiff she could avoid foreclosure if she submitted another loan modification application by July 18, 2017. Compl. ¶ 21. Plaintiff alleges she did so and was told the foreclosure would be postponed; the next day, the property was sold at a foreclosure sale. *Id.* ¶¶ 22-24. RS Group bought the property and Clear Recon recorded the sale. *Id.* ¶¶ 6, 26, 28.

    B. Procedural Background

On August 7, 2017, plaintiff filed this wrongful foreclosure action against Wells Fargo, Clear Recon and RS Group in state court. ECF No. 1 at 30 (civil cover sheet). Plaintiff contends Wells Fargo negligently misrepresented that it would postpone foreclosure, and then both Wells Fargo and Clear Recon wrongfully foreclosed anyway, which violated the California Homeowner Bill of Rights ("HBOR") and amounted to an unfair business practice. *See generally Compl.* Defendant Wells Fargo removed this case based on diversity jurisdiction. Removal Notice, ECF No. 1 (filed Aug. 22, 2017). The next day, plaintiff moved to remand the action to

2

state court, contending the parties are not completely diverse. Remand Mot., ECF No. 4. The court denied the remand motion, finding defendants Clear Recon and RS Group were fictitiously joined defendants such that their presence does not destroy diversity jurisdiction. Order, ECF No. 12 (issued Sept. 26, 2017).

As noted, two motions to dismiss are pending before the court, Wells Fargo Mot., ECF No. 8; Clear Recon Mot., ECF No. 21, along with plaintiff's impromptu, oral request that the court reconsider its remand denial order. H'rg Mins.

II. REQUEST FOR RECONSIDERATION

Although a district court may reconsider and vacate a prior order, *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994), this is an "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted). Mere disagreement with a prior order is an insufficient basis for reconsideration. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *accord Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Reconsideration may be granted only if the movant (1) presents the court with newly discovered or previously unavailable evidence; (2) shows the challenged order contained a clear and manifestly unjust error of law; or (3) identifies an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). When evaluating reconsideration requests, courts have "considerable discretion." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

At hearing, in making his oral request Mr. Mellen raised none of the three narrow grounds for reconsideration. Instead, he asked the court to rethink its prior analysis about Clear Recon's involvement simply because he disagrees with the court's conclusion. This is an illegitimate basis for reconsideration, the impropriety of which is made even clearer, as discussed below, by this court's dismissal of all claims against Clear Recon, with prejudice. Reaching the question Mr. Mellen has raised, despite its lack of proper presentation, *see* E.D. Cal. Local Rule 230(b) ("[A]ll motions shall be noticed on the motion calendar" and the moving shall "file a notice of

3

1  motion, motion, [and] accompanying briefs[.]"); *see also* Fed. R. Civ. P. 78, the reconsideration

2  request is DENIED.

3  III.   DISMISSAL MOTIONS

4      A.   Legal Standard

5  A party may move to dismiss for "failure to state a claim upon which relief can be

6  granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a

7  "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

8  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint

9  must contain a "short and plain statement of the claim showing that the pleader is entitled to

10 relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl.*

11 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim

12 at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not

13 alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). The court must accept well-pled factual

14 allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551

15 U.S. 89, 93-94 (2007).

16 If plaintiff requests leave to amend a claim subject to dismissal, the federal rules

17 mandate that leave "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy

18 is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

19 1051 (9th Cir. 2003) (citation and quotation marks omitted). Before granting leave, a court

20 considers any potential bad faith, delay, or futility regarding the proposed amendment, and the

21 potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also*

22 *Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "The party opposing

23 amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d

24 183, 187 (9th Cir. 1987). Absent prejudice, there is a strong presumption in favor of granting

25 leave to amend. *Eminence Capital*, 316 F.3d at 1052.

26 /////

27 /////

28 /////

4

B. <u>Analysis</u>

1. <u>HBOR Claims (Claims 1-2)</u>

Plaintiff asserts two HBOR claims. First, she contends defendants Wells Fargo and Clear Recon "dual tracked" her loan modification application by conducting a foreclosure sale even though her third loan modification application was pending. Compl. ¶¶ 29-38; Cal. Civ. Code § 2923.6(c) ("If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not conduct a trustee's sale, while the complete first lien loan modification application is pending."). Second, plaintiff alleges Wells Fargo denied her a "single point of contact" because although Nicholas Allen was purportedly assigned to handle her application, she was directed to speak with other Wells Fargo employees every time she called, which caused confusion and miscommunication and Wells Fargo's loss of her materials. Compl. ¶¶ 39-48; Cal. Civ. Code § 2923.7(a) ("Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.").

Neither HBOR claim survives dismissal. Before filing the loan modification application at issue here, plaintiff had twice applied for and successfully modified her loan. *See* RJN Exs. H & I (2009 and 2014 loan modification agreements). She also defaulted on her loan payments before submitting her third application. RJN Ex. J (notice of default). The two cited HBOR protections, the right to a single point of contact as defined by law and protection against dual tracking, apply only to a borrower's first loan modification application. Plaintiff, proceeding on her third loan modification application, enjoyed neither statutory privilege.

HBOR's language on this point is clear:

> In order to minimize the risk of borrowers submitting multiple applications . . . the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013 . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that

5

> change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6(g). Plaintiff's first loan modification agreement was made in 2009, RJN Ex. H, which meets the statement's pre-2013 requirement. At hearing Mr. Mellen conceded the complaint alleges no material change in financial circumstances.

In recent, persuasive decisions, courts consistently have dismissed HBOR claims in similar scenarios. *See Deschaine v. IndyMac Mortg. Servs.*, 617 F. App'x 690, 693-94 (9th Cir. 2015) (because plaintiff had already defaulted on prior loan modification agreement he "was not entitled to this statutory [dual tracking] protection" nor did he "have a statutory right to a single point of contact as required by California Civil Code § 2923.7") (citation omitted); *Ivey v. JP Morgan Chase Bank, N.A.*, Case No. 16-cv-00610-HSG, 2016 WL 4502587, at *4 (N.D. Cal. Aug. 29, 2016); *Smith v. Wells Fargo Bank, N.A.*, Case No. 15-CV-01779-YGR, 2016 WL 283521, at *3 (N.D. Cal. Jan. 25, 2016). *Cf. Judan v. Wells Fargo Bank, Nat'l Ass'n*, Case No. 15-cv-05029-HSG, 2017 WL 3115172, at *5 (N.D. Cal. July 21, 2017) (acknowledging rule but declining to dismiss claim because "the Court cannot find at this juncture that Plaintiffs accepted a written first lien modification prior to defaulting.").

At hearing, Mr. Mellen asked to amend the claims to add allegations of a material change in financial circumstances to trigger the section 2923.6(g) exception, signaling that proper amendment is possible. *See* Cal. Civ. Code § 2923.6(g) (exception applies if material change in financial circumstances is "documented . . . and submitted to the mortgage servicer" with the application).

Claim 1 and 2 are DISMISSED. Considering Rule 15(a)'s liberal amendment policy and because this is plaintiff's first complaint, the court GRANTS plaintiff leave to amend both claims as to Wells Fargo, subject to the requirements of Federal Rule of Civil Procedure 11. As explained below, amendment would be futile as to Clear Recon, and therefore plaintiff's dual tracking claim against Clear Recon is dismissed with prejudice.

/////

/////

6

### 2. Negligence (Claim 3)

Plaintiff cites HBOR's dual tracking prohibition as the basis for the duty Clear Recon and Wells Fargo owed her, and contends the negligent foreclosure violated this duty. Compl. ¶ 52 ("California Civil Code § 2923.6 and 2923.7 set forth specific duties a servicer must uphold for a loan in default and a borrower seeking a foreclosure prevention alternative or loss mitigation option."). At hearing, the parties addressed the question whether Wells Fargo ever owes a duty of care to a borrower when reviewing her loan modification application. District courts have split on this question, and the Ninth Circuit has not addressed it. *See Shupe v. Nationstar Mortg., LLC*, 231 F. Supp. 3d 597 (E.D. Cal. Jan. 31, 2017) (acknowledging split of authority). This court has previously adopted the position that a lender owes a duty of care to a borrower not to make material misrepresentations about the status of an application for a loan modification, and that a borrower would foreseeably be harmed by inaccurate or untimely updates about a pending loan modification application. *See Martinez v. Flagstar Bank, FSB*, No. 2:15-CV-01934-KJM-CKD, 2016 WL 3906810, at *8 (E.D. Cal. July 19, 2016) (citing *Alvarez v. BAC Home Loans Serv., L.P.*, 228 Cal. App. 4th 941, 949 (2014)). Wells Fargo disagrees but has offered no binding authority or compelling reason persuading this court to depart from its prior position.

Nevertheless, plaintiff's negligence claim cannot survive as pled because it derives solely from the HBOR violations dismissed above, *see* Compl. ¶ 55 ("Defendants violated their duties under these [HBOR] provisions by selling Plaintiff's property at foreclosure, despite Plaintiff having in review a complete application for a foreclosure prevention alternative."), yet the court dismissed these HBOR claims, *see supra* Part B.1.

This claim is DISMISSED. As with the HBOR claims, the court GRANTS plaintiff's request to amend this claim as to Wells Fargo only.

Amendment is futile as to Clear Recon. Clear Recon was a foreclosure sale's trustee charged with limited statutory duties: To foreclose on a defaulted mortgage loan and to re-convey the deed of trust once the secured debt was satisfied. Plaintiff has not identified a statutory duty Clear Recon has violated. Plaintiff relies solely on her claim that Clear Recon

violated HBOR, which provides "express liability against foreclosure trustees" that violate Civil Code section 2923.6. Opp'n to Clear Recon Mot., ECF No. 24, at 6. Yet the same statute provides that "[n]othing in this section shall be construed to alter, limit, or negate any other rights, remedies, or procedures provided by law." Cal. Civ. Code § 2924.12(h). One such preexisting right is the qualified privilege barring a trustee's liability, absent "actual malice," for performing statutorily required, non-judicial foreclosure duties, including mailing, publicizing and delivering notices. *See id.* § 2924(d) (listing privileged communications and incorporating Cal. Civ. Code § 47(c)); *see also Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 325 (2008) ("We conclude that . . . [trustee's] recording of the notice of default was privileged, that the evidence failed to demonstrate [trustee] acted with malice, and that therefore [trustee] was immune" from liability based on that conduct.).

Plaintiff has pled no facts to show actual malice attributable to Clear Recon, and Mr. Mellen conceded at hearing plaintiff knows of no such facts. The sale and recordation are therefore privileged acts. *Cavender v. Wells Fargo Bank*, No. 16-CV-703-KAW, 2016 WL 4608234, at *6 (N.D. Cal. Sept. 6, 2016) (deciding same). Accordingly, amendment as to Clear Recon would be futile. The negligence claim is DISMISSED with prejudice as to Clear Recon.

### 3. Wrongful Foreclosure (Claim 4)

The wrongful foreclosure claim mirrors the negligence claim. The court therefore reaches the same conclusion as above: Wells Fargo owes plaintiff a duty of care, but the claim cannot survive as pled because it relies on the alleged HBOR violations, which the court has now dismissed. As before, this claim is DISMISSED with prejudice as to Clear Recon and with leave to amend as to Wells Fargo. Lastly, and as addressed at hearing, Wells Fargo's argument that the tender rule bars this claim is moot; tender is required only for injunctive relief, which plaintiff no longer seeks under this claim.

### 4. Negligent Misrepresentation (Claim 5)

Plaintiff contends that on July 18, 2017, a Wells Fargo representative "negligently misrepresented to Plaintiff that her house would not sell at foreclosure on July 19, 2017." Compl. ¶ 74.

8

This alleged misstatement pertains to a future event. To succeed on a negligent misrepresentation claim, the statement a plaintiff alleges must generally pertain to a past or existing material fact. *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986); Compl. ¶ 75 (acknowledging this element). "[P]redictions of future events are ordinarily considered nonactionable expressions of opinion." *Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (1980) (citations omitted).

Plaintiff has requested leave to amend this claim to re-characterize it as a statement about a past or existing fact. If successful, and consonant with Rule 11, amendment would not be futile. The court DISMISSES this claim, with leave to amend. At hearing, Mr. Mellen asked to add a fraud claim related to this alleged misrepresentation; with no motion to amend before the court, this request is DENIED.

### 5. Unfair Competition (Claim 6)

Plaintiff's unfair competition claim incorporates all of the other claims and alleged wrongful conduct discussed above. *See* Compl. ¶¶ 90-91 ("Wells Fargo and Clear Recon's violation of Cal. Civil Code § 2923.6 and wrongful foreclosure of Plaintiff's property constitute unfair business practices" and "Wells Fargo's violation of Cal. Civil Code § 2923.7 and negligent failure to uphold its duties to Plaintiff, and negligent misrepresentations to Plaintiff constitute unfair business practices[.]"). For the reasons stated above, given the derivative nature of this claim, the court dismisses it with leave to amend as to Wells Fargo, but with prejudice as to Clear Recon.

The parties agree the request for injunctive relief under this claim is now moot. To the extent plaintiff seeks restitution and disgorgement of profits, the amended claim must better identify the grounds for such relief.

## IV. CONCLUSION

The court DENIES plaintiff's reconsideration request and GRANTS both motions to dismiss. Dismissal is with prejudice as to Clear Recon, but with leave to amend as to Wells Fargo. With no claims remaining against it, Clear Recon is DISMISSED from this action.

IT IS SO ORDERED.

This resolves ECF Nos. 8, 21, and resolves the oral request made at hearing, noted in the hearing minutes, ECF No. 28.

DATED: January 23, 2018.

_____
UNITED STATES DISTRICT JUDGE