UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| URSULA OGAMBA, | No. 2:17-cv-01754-KJM-AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., a business entity; and Does 1-50, inclusive, | |
| Defendants. | |

Plaintiff Ursula Ogamba moves to proceed *in forma pauperis* ("IFP") on appeal. *See* IFP Mot., ECF No. 36. For reasons provided below, the court DENIES plaintiff's motion.

I. LEGAL STANDARD

Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). The motion must be accompanied by an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees or costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.*

/////

/////

1

Under 28 U.S.C. § 1915, the IFP statute, the court may waive filing fees for a plaintiff[1] who cannot afford the payment, provided the suit is not frivolous or malicious. *See* 28 U.S.C. § 1915(a); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). The statute does not delineate when someone is unable to pay the fee, but the Supreme Court has made clear that one need not "be absolutely destitute to enjoy the benefit of the statute." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although the plaintiff seeking IFP status must allege indigence "with some particularity, definiteness and certainty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation and internal quotation marks omitted), a sworn statement that the plaintiff cannot pay court costs while still affording the necessities of life generally suffices, *Adkins*, 335 U.S. at 339.

II.  DISCUSSION

On February 22, 2018, plaintiff Ursula Ogamba ("Ogamba") filed the instant motion, IFP Mot., and a notice of appeal, ECF No. 35. Because defendants removed this action from state court and paid the filing fee upon removal, *see* ECF No. 1, Ogamba has not previously applied for IFP status.

Ogamba has not shown she is unable to afford the expense of pursuing an appeal and therefore is not entitled to IFP status. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Ogamba states she receives gross pay or wages of $2,960 on the 10th and 25th of each month, though her take-home pay or wages are "unknown at this time since [she] just got hired." IFP Mot. at 1. "[A] few weeks ago," she received $15,038.54 "from the surplus funds from this same house that [she is] in court for." *Id.* She currently has $10,800 in cash or in a savings account. *Id.* at 2. When prompted to provide her "regular monthly expenses," including "housing, transportation, utilities, or loan payments, or other regularly monthly expenses," Ogamba responded only, "The apartment I live in costs $2,700 a month." *Id.* She indicates she has four

---

[1] All persons, not just prisoners, may seek IFP status. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (finding statute applies to all persons despite its "prisoner possesses" language, and collecting cases so holding).

2

individuals "who are dependent on [her] for support." *Id.* These individuals are Ogamba's 80-year-old mother and her three children who are 22, 24 and 26 years old and "live with [her] because they are still in school." *Id.* Although prompted to indicate "how much [she] contribute[s] to their support," Ogamba provided no such information. *See id.* Finally, Ogamba indicates she has a $4,400 judgment against her. *Id.*

Ogamba attests to gross monthly wages of $5,920 and monthly expenses of $2,700, leaving her with a monthly surplus of $3,220. *See* IFP Mot. at 1 (stating Ogamba earns gross wages of $2,960 twice each month); *id.* at 2 (listing her only "regularly monthly expense" as $2,700 in rent). Ogamba further indicates she has more than $10,000 in savings. *Id.* at 2. Based on this information, the court cannot conclude Ogamba is unable to pay or give security for court costs while still providing "the necessities of life" for herself and her dependents. *See Adkins*, 335 U.S. at 339-40. The court will not speculate as to whether Ogamba's basic living expenses not accounted for here, such as food and transportation, significantly impact her financial situation and entitle her to IFP status.

Because Ogamba has not shown indigence, the court does not address whether her appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The court notes, however, that Ogamba has not sufficiently claimed an entitlement to redress or stated the issues she intends to present on appeal as required under Federal Rule of Appellate Procedure 24. *See* Fed. R. App. P. 24(a)(1)(B)-(C); *see also* ECF No. 35 (appealing this court's January 24, 2018 order "and all interlocutory orders that gave rise to that judgment, including but not limited to, the September 26, 2017 Order denying Plaintiff's Motion to Remand").

Accordingly, the motion is DENIED without prejudice. Ogamba may file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED.

DATED: March 2. 2018.

UNITED STATES DISTRICT JUDGE

3