UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URSULA OGAMBA, | No. 2:17-cv-01754-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., a business entity, | |
| Defendant. | |

Plaintiff's home was sold at a foreclosure sale in July 2017. She now brings this wrongful foreclosure action against her loan servicer, Wells Fargo Bank. Before the court is Wells Fargo's second motion to dismiss. Mot., ECF No. 39. The court submitted the motion without a hearing on April 13, 2018. Min. Order, ECF No. 45. As explained below, the motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

The residential property at issue is located in Tracy, California. First Am. Compl. ("FAC"), ECF No. 34, ¶ 4. At all relevant times, Wells Fargo serviced plaintiff's mortgage loan secured by the property. *Id.* ¶ 5. Plaintiff twice modified her loan: First in 2009 and again in 2014. *See* Unopposed Request for Judicial Notice ("RJN"), ECF No. 40, Exs. H & I (2009 and 2014 modification agreements, respectively). She defaulted on her loan payments after the 2014

1

modification, which led Wells Fargo to issue a notice of default in April 2016, RJN Ex. J, and a notice of foreclosure sale in August 2016, RJN Ex. K. Plaintiff never cured the default.

In 2017, plaintiff tried to avoid foreclosure seeking another loan modification. FAC ¶ 18. At this point she had a new job and reduced expenses. *Id.* In June 2017, Wells Fargo representatives told plaintiff she could avoid foreclosure if she submitted her loan modification application by July 18, 2017. *Id.* ¶ 20. Plaintiff submitted follow-up documents, after which Wells Fargo representatives assured her on July 10, July 17 and again on July 18, 2017, that her application was complete and the planned foreclosure would be postponed. *Id.* ¶¶ 21-27. Her property was sold at a foreclosure sale the next day. *Id.* ¶ 28.

Plaintiff filed her wrongful foreclose case against Wells Fargo on August 5, 2017 in state court, which Wells Fargo removed to this court on August 22, 2017. Wells Fargo moved to dismiss the initial complaint for failure to state a claim. *See* First Dismissal Mot., ECF No. 8. On January 24, 2018, after a hearing, the court dismissed the initial complaint with leave to amend. Prior Order, ECF No. 32. Plaintiff filed her first amended complaint on February 7, 2018, repeating most of the same claims based on the allegation that Wells Fargo wrongfully and prematurely foreclosed her property. Specifically, she claims Wells Fargo violated the California Homeowner Bill of Rights ("HBOR") prohibition against dual tracking (Claim 1); violated HBOR's guarantee that borrowers will have a single point of contact (Claim 2); negligently (Claim 3) and wrongfully (Claim 4) foreclosed on her property; and that the wrongful conduct alleged in Claims 1 to 4 together amounts to an unfair business practice (Claim 5). FAC ¶¶ 30-94. Wells Fargo again moves to dismiss the complaint for failure to state a claim. Mot. Plaintiff opposes. Opp'n, ECF No. 44. Wells Fargo filed a reply. Reply, ECF No. 46.

II. <u>LEGAL STANDARD</u>

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to

2

relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pled factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

If plaintiff requests leave to amend a claim subject to dismissal, the federal rules mandate that leave "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Before granting leave, a court considers any potential bad faith, delay, or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

III. ANALYSIS

    A. HBOR Dual-Tracking (Claim 1)

Plaintiff contends Wells Fargo "dual tracked" her loan modification application by conducting a foreclosure sale even though her third loan modification application was pending review. FAC ¶¶ 29-38 (citing Cal. Civ. Code § 2923.6(c)). When plaintiff filed this lawsuit in 2017, the dual-tracking protection in section 2923.6(c) provided:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c) (2017). Section 2923.6(c) was repealed on January 1, 2018, but the dual tracking provision was amended and re-numbered as section 2924.11(a) (2018). *See* Stats. 2012, ch. 87 (S.B. 900), § 15, eff. Jan. 1, 2018).[1] The repeal and amendment does not affect plaintiff's claim, given that the provision's words remain almost identical. *See Rocha v. CIT Bank, N.A.*, No. 17-CV-05082-BLF, 2018 WL 1609636, at *9 (N.D. Cal. Apr. 3, 2018) (deciding

---

[1] The same legislative bill, which passed in 2012, enacted both the pre-2018 dual-tracking protection and the 2018 version. *See* 2012 Cal. Stat. ch. 86 (A.B. 278).

3

same); *Harris v. United States*, No. 18CV0001-GPC(AGS), 2018 WL 1410819, at *2 n.1 (S.D. Cal. Mar. 21, 2018) (same).

HBOR's dual-tracking protection applies until, as relevant here, "[t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired," or "[t]he borrower does not accept an offered first lien loan modification within 14 days of the offer." Cal. Civ. Code § 2923.6(c)(1)-(2). After that point, a servicer is not "obligated" to evaluate a borrower's subsequent modification application "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Cal. Civ. Code § 2923.6(g).

The court dismissed plaintiff's dual-tracking claim in her original complaint because plaintiff had alleged no change in financial circumstances that would obligate Wells Fargo to review her third application. Prior Order at 5-6. But the court granted plaintiff's request to add these allegations, if she could. Tr., ECF No. 47, at 7-10 (transcript from motion hearing). Plaintiff now alleges she submitted a complete loan modification application on July 18, 2017, including a documented change in financial circumstances, but that her home was foreclosed upon the very next day. FAC ¶¶ 22-28. She argues this change in circumstances triggered the dual tracking prohibition despite her prior defaults. Opp'n at 6 (citing Civ. Code § 2923.6(g)). Wells Fargo argues this change in circumstances merely entitled plaintiff to submit another application, but does not trigger HBOR's dual-tracking protection. Reply at 2.

The court disagrees. By pleading a documented, material change in circumstances, plaintiff has plausibly triggered HBOR's dual-tracking protection despite her prior defaults. California Civil Code § 2920.5(d) prohibits dual tracking while any complete first-lien loan modification application is properly pending review. *Agraan v. Select Portfolio Serv., Inc.*, No. 217-CV-02163-KJM-CKD, 2017 WL 6558130, at *3 n.3 (E.D. Cal. Dec. 21, 2017); *Gilmore v. Wells Fargo Bank N.A.*, No. C 14-2389 CW, 2014 WL 3749984, at *4 n.5 (N.D. Cal. July 29, 2014). This protection plausibly applies even after a mortgage holder defaults, if that mortgage

4

holder documents a change in financial circumstances that triggers the right to resubmit one's loan modification application. *Agraan*, 2017 WL 6558130, at *3 n.3; *Gilmore*, 2014 WL 3749984, at *4 n.5. And even where this statutory obligation is not technically triggered, courts have held that a loan servicer triggers its own obligation once it voluntarily undertakes to review a subsequent application. *See e.g.*, *Amer v. Wells Fargo Bank NA*, No. 17-CV-03872-JCS, 2017 WL 4865564, at *9 (N.D. Cal. Oct. 27, 2017); *Curtis v. Nationstar Mortg., LLC*, No. 14-cv-05167-HRL, 2015 WL 4941554, at *2–3 (N.D. Cal. Aug. 19, 2015); *Vasquez v. Bank of Am., N.A.*, No. 13-cv-02902-JST, 2013 WL 6001924, at *9 (N.D. Cal. Nov. 12, 2013).

In sum, plaintiff's alleged material change in financial circumstances and Wells Fargo's representation that it would review that application together obligated Wells Fargo to halt foreclosure proceedings until Wells Fargo made a "written determination" that plaintiff was not eligible for her requested loan modification. Cal. Civ. Code § 2923.6(c)(1). By alleging Wells Fargo foreclosed her home just one day after accepting her new, complete modification application, plaintiff has plausibly pled a dual-tracking violation. The motion to dismiss Claim 1 is DENIED.

B. <u>HBOR Single Point of Contact (Claim 2)</u>

Plaintiff next contends Wells Fargo denied her a single point of contact because although Nicholas Allen was assigned to handle her application, she was directed to speak with several other Wells Fargo employees, which caused delays, duplicate submission requirements, and miscommunications such that her home was foreclosed exactly one day after she was assured the sale would be postponed. FAC ¶¶ 39-48. The HBOR protection on which plaintiff relies here provides that, "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a).

Wells Fargo argues because plaintiff never requested a single point of contact, this statutory obligation was never triggered. Mot. at 6-7. But the parties agree Nicholas Allen was assigned as plaintiff's single point of contact, so whether she specifically requested one is

5

irrelevant. *See Hixson v. Wells Fargo Bank NA*, No. C 14-285 SI, 2014 WL 3870004, at *5 n.4 (N.D. Cal. Aug. 6, 2014) (question of whether plaintiff must expressly ask for a single point of contact is "moot and the Court need not address it" because plaintiff was provided with one); *see also Mancheno v. Servis One, Inc.*, No. 15-CV-04901-WHO, 2015 WL 9489749, at *2-3 (N.D. Cal. Dec. 30, 2015) (same).

Rather, the question is whether Wells Fargo reneged on this statutory duty. As relevant here, the assigned point of contact is responsible for

> . . . [h]aving access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative . . .
>
> Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any; and
>
> Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code § 2923.7(b)(2), (4), (5).

Here, plaintiff alleges Nicholas Allen was her main point of contact, yet she was often directed to other single points of contact. FAC ¶¶ 22-25. Under California law, a "'single point of contact' means an individual or team of personnel." *See* Cal. Civ. Code § 2923.7(e); *Lac v. Nationstar Mortg. LLC*, No. 215-CV-00523-KJM-AC (Temp), 2016 WL 3135841, at *4 (E.D. Cal. June 2, 2016). Simply alleging that plaintiff had to deal with multiple representatives does not alone give rise to a cause of action under this provision. *Wessels v. Bank of Am.*, No. 16-CV-03478-LB, 2016 WL 6248903, at *9 (N.D. Cal. Oct. 26, 2016); *Dennison v. Select Portfolio Servicing, Inc.*, No. CV 15-8214-R, 2016 WL 7655750, at *2 (C.D. Cal. June 24, 2016) (same). Nevertheless, the group or team of individuals must, at minimum, "possess sufficient knowledge about foreclosure alternatives and have access to individuals who have the ability and authority to stop foreclosure proceedings." *Wessels*, 2016 WL 6248903, at *9 (citing California Civil Code § 2923.7).

Plaintiff alleges that after she sent several follow-up documents to various Wells Fargo representatives, she was assured by several of them that her loan modification application

6

1    was complete and that foreclosure would be postponed pending review of her application. *Id.*
2    ¶¶ 21-28, 56-58. Yet her home was foreclosed days later. *Id.* ¶ 59. She therefore argues her
3    points of contact collectively "failed to have access to the individual with the ability and authority
4    to stop foreclosure proceedings when necessary or failed to inform the individual that the status of
5    Plaintiff's account warranted a stop to foreclosure proceedings." *Id.* ¶ 48.

These allegations plausibly show that plaintiff's single points of contact did not perform their required statutory duties. Plaintiff has adequately alleged a violation of section 2923.7. *Cf. Terry v. Wells Fargo Bank, N.A.*, No. C 15-01483 WHA, 2016 WL 3017558, at *4 (N.D. Cal. May 26, 2016) (finding allegations "sufficient to survive a motion to dismiss" where they showed the points of contact gave conflicting advice and were not particularly responsive "only a month or so before defendants recorded a notice of trustee's sale"; noting "HBOR was intended to prevent borrowers from getting just this kind of run-around."); *Hixson*, 2014 WL 3870004, at *6 (rejecting motion to dismiss this claim on similar grounds); *see also Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1000 (N.D. Cal. 2014) (rejecting motion to dismiss single point of contact claim where representative assured the plaintiff foreclosure would be postponed during review process, but the foreclosure proceeded anyway). The motion to dismiss Claim 2 is DENIED.

### C. Negligence (Claim 3)

Plaintiff incorporates the HBOR obligations underlying claims 1 and 2 as the "duties" Wells Fargo owed her, and contends the foreclosure here violated both duties. FAC ¶ 65 ("California Civil Code § 2923.6 and 2923.7 set forth specific duties a servicer must uphold for a loan in default and a borrower seeking a foreclosure prevention alternative or loss mitigation option."). In the court's prior order, it dismissed plaintiff's original negligence claim because "it derive[d] solely from the HBOR violations," yet the court had dismissed both HBOR claims. *See* Prior Order at 7.

Here, plaintiff's negligence claim again derives from the HBOR violations discussed above. FAC ¶ 68 ("Defendant violated its duties under these [HBOR] provisions by selling Plaintiff's property at foreclosure, despite Plaintiff having in review a complete

7

application for a foreclosure prevention alternative"). Because both HBOR claims now survive dismissal, the derivative negligence claim likewise survives. The motion to dismiss Claim 3 is DENIED.

        D.      <u>Wrongful Foreclosure (Claim 4)</u>

Plaintiff's wrongful foreclosure claim mirrors the negligence claim. Plaintiff alleges Wells Fargo wrongly foreclosed plaintiff's home after violating the same two HBOR-codified duties. FAC ¶ 80. As explained in its prior order, the court rejected Wells Fargo's argument regarding plaintiff's original claim, that the tender rule bars this claim altogether: Tender is required only as a prerequisite to seeking injunctive relief, which plaintiff does not seek. *See generally* FAC; *see also Medrano v. Caliber Homes Loans, Inc.*, No. EDCV 14-02038-VAP, 2014 WL 7236925, at *8 (C.D. Cal. Dec. 19, 2014) (noting tender rule applies where claim seeks to "set aside a wrongful foreclosure"); *Azzini v. Countrywide Home Loans*, No. 09-CV-787 DMS (CAB), 2009 WL 5218042, at *4 (S.D. Cal. Dec. 29, 2009); *Ohlendorf v. Am. Home Mortg. Serv.*, 279 F.R.D. 575, 580 (E.D. Cal. 2010). The court's prior decision controls here as well.

This claim survives for the same reason as the negligence claim. The motion to dismiss Claim 4 is DENIED.

        E.      <u>Unfair Competition (Claim 5)</u>

Plaintiff's unfair competition claim is wholly derivative of the claims referenced above and incorporates the wrongful conduct within those claims. *See* FAC ¶¶ 88-91 ("Defendant's violation of California Civil Code § 2923.6 and wrongful foreclosure of Plaintiff's property constitute unfair business practices," and "Wells Fargo's violation of Cal. Civil Code § 2923.7 and negligent failure to uphold its duties to Plaintiff constitute unfair business practices"). To the extent plaintiff seeks damages, she lacks standing. *See In re Tobacco II Cases*, 207 P.3d 20, 29 (Cal. 2009) (finding an "[unlawful competition] action is equitable in nature; damages cannot be recovered") (citation and quotations omitted)); *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 173 (2000) (same); *Monet v. JPMorgan Chase Bank, N.A.*, No. 17-CV-00623-LHK, 2017 WL 3895790, at *6 (N.D. Cal. Sept. 5, 2017) ("To the extent that Plaintiff seeks to recover monetary damages under [the unfair competition claim], the Court

agrees with Chase that Plaintiff lacks standing to do so."). To establish standing, therefore, plaintiff must allege a colorable basis for requesting injunctive and equitable relief. *Monet*, 2017 WL 3895790, at *6; *Foronda v. Wells Fargo Home Mortg., Inc.*, 14-cv-03513-LHK, 2014 WL 6706815, at *8 (N.D. Cal. Nov. 26, 2014) ("as a private individual, Plaintiff is limited to injunctive relief and restitution."); *cf. Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1144 (E.D. Cal. 2013) ("Foreclosure of the property fails to support a [unfair competition] claim . . . The complaint lacks facts to support Ms. Khan's standing to seek [her requested injunctive] relief").

        Here, plaintiff has insufficiently supported such relief. Plaintiff concedes she has not tendered the amount owed and is "not seeking to set aside the foreclosure sale and does not seek injunctive relief." Opp'n at 21. Instead, she "seeks restitution [and] disgorgement of sums wrongfully obtained." FAC ¶ 93. Yet she does not allege a basis for either request. The court previously cautioned plaintiff to "better identify the grounds" for her requested "disgorgement of sums," but the amended complaint merely restates the same request made in the original complaint without further explanation. *See* Prior Order at 9; FAC ¶ 93.

        In opposition, plaintiff only cursorily argues that defendant's standing argument "fails because Plaintiff has alleged facts which demonstrated that Defendant's conduct caused Plaintiff financial harm, i.e. the loss of her home." Opp'n at 23. But as explained above, damages are not recoverable under this claim, injunctive relief is unavailable unless or until tender is paid, and plaintiff has pled no basis for seeking restitution or a disgorgement of profits. Accordingly, the motion to dismiss Claim 5 for lack of standing is GRANTED. Having already granted leave to amend, and given that plaintiff identifies no potential amendment, the court now dismisses this claim with prejudice.

/////

/////

/////

/////

/////

## IV. CONCLUSION

The court DENIES Wells Fargo's motion to dismiss Claims 1 to 4, but GRANTS the motion to dismiss Claim 5. Wells Fargo's Answer is due within 21 days.

IT IS SO ORDERED.

This resolves ECF No. 39.

DATED: June 11, 2018.

_____
UNITED STATES DISTRICT JUDGE